# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *
JOHN CHRISTIANSEN and       *
CATHERINE CHRISTIANSEN,       *
parents of W.C., a minor,       *
      *     No. 08-244V
           Petitioners,     *     Special Master Christian J. Moran
      *
v.       *     Filed: June 12, 2013
      *
SECRETARY OF HEALTH       *     Petitioners' out-of-pocket costs;
AND HUMAN SERVICES,       *     award in the amount to which
      *     respondent does not object
           Respondent.     *
      *
* * * * * * * * * * * * * * * * * * * * * * * * *

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

John Christiansen, Bellmore, NY, for Petitioners, pro se;
Lisa A. Watts, U.S. Department of Justice, Washington, DC, for Respondent.

      On May 20, 2013, John and Catherine Christiansen ("petitioners") filed an application for costs in the above-captioned matter, requesting reimbursement in the amount of $4,496.80. On June 10, 2013, respondent filed a response to petitioners' application, advising the Court that she has no objection to the amount requested by petitioners. The Court awards this amount.

      Petitioners filed a petition in the Vaccine Program on April 7, 2008, alleging that their child, W.C., was harmed by the diphtheria, tetanus, acellular pertussis ("DTaP") vaccine, which is a component of the Pediarix vaccine administered to W.C. on July 12, 2005. Petitioners filed the required medical records between June and October 2008.

      On October 8, 2008, respondent filed her Rule 4 report, concluding that petitioners were not entitled to compensation. On January 8, 2009, petitioners filed a status report discussing a medical theory for the claim that the DTaP vaccination caused W.C.'s injuries. Petitioners also

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

filed journal articles in support of their medical theory. During a status conference held the following week, petitioners discussed their efforts to obtain the services of a medical expert.

On November 5, 2010, petitioners submitted the report of Dr. Chone Ken Chen, a physician who practices pediatric neurology at New York University Downtown Hospital and at the Chang Comprehensive Health Center. On January 14, 2011, respondent filed a responsive expert report from Dr. Russell Snyder. Petitioners filed a supplemental report from Dr. Chen on March 28, 2011. During a status conference held on April 25, 2011, the parties indicated that they were ready to proceed to hearing.

A hearing was held on October 24, 2011, in New York City. Dr. Chen and Dr. Snyder provided in-person testimony at the hearing. Each party submitted prehearing and posthearing briefs. On November 13, 202, the undersigned issued a decision denying compensation, but noted that Mr. Christiansen, acting pro se, handled this case with diligence and competence, and that "it is extremely unlikely that a licensed attorney could have achieved a different result for W.C." Decision, 2012 WL 6766650, at *16.

Even though compensation was denied, a petitioner who brings a petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1).[1] Here, the petitioners, acting pro se, gathered and filed medical records, participated in numerous status conferences, obtained an expert witness to testify on their behalf, produced two substantial briefs, and argued their case at a hearing. Thus, because petitioners acted in good faith and because there was a reasonable basis for proceeding, petitioners are eligible for reimbursement of costs. Respondent does not contend that petitioners failed to satisfy these criteria.

Petitioners seek a total of **$4,496.80** in costs incurred while pursuing this claim, to which respondent has no objection. After reviewing the request, the court awards a check made payable to petitioners in the amount of **$4,496.80** for litigation costs. The court thanks the parties for their cooperative efforts in resolving this matter.

The Clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED.**

                                                         _____

                                                         Christian J. Moran
                                                         Special Master

---

[1] Petitioners did not incur any attorneys' fees, as they were not represented by an attorney.

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.